**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose CHAVARRIYA–MEJIA,**
**Defendant–Appellant.**

**No. 03–10753.**

United States Court of Appeals,
Eleventh Circuit.

April 29, 2004.

---

Allison Veronica Dawson and Mildred Geckler Dunn, Federal Public Defenders, Federal Defender Program, Inc., Atlanta, GA, for Defendant–Appellant.

Angela M. Jordan, Amy Levin Weil, Atlanta, GA, for Plaintiff–Appellee.

Before EDMONDSON, Chief Judge, and DUBINA and COX, Circuit Judges.

PER CURIAM:

Defendant–Appellant Jose Chavarriya–Mejia pleaded guilty to illegal entry into the United States. He appeals his sentence, arguing that the district court erred in applying a 16–level increase under U.S.S.G. § 2L1.2 because statutory rape is not a "crime of violence." [1]

## BACKGROUND

In 1994 or 1995, Chavarriya–Mejia illegally entered the United States. While in the United States, Chavarriya–Mejia was convicted by a Kentucky state court of an aggravated felony: rape in the third degree. What Kentucky law defines as rape in the third degree is commonly known as "statutory rape." [2] *See* Ky.Rev.Stat. § 510.060.

After Chavarriya–Mejia's trial in Kentucky, he was deported. He later reentered the United States illegally and was arrested. Thereafter, the government brought immigration charges against him.

Chavarriya–Mejia pled guilty to reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). At sentencing, the district court applied the appropriate sentencing guideline, U.S.S.G. § 2L1.2, and determined that Chavarriya–Mejia's base-offense level was 8. After concluding that statutory rape was a "crime of violence," the district court increased the offense lev-

---

1. We do not consider Chavarriya–Mejia's argument that his crime must satisfy both subparts of § 2L1.2 because at oral argument he conceded that this Court has previously rejected that interpretation. *See United States v. Fuentes–Rivera,* 323 F.3d 869, 871–72 (11th Cir.2003) (stating that the subparts present alternative definitions of the term "crime of violence").

2. Kentucky Revised Statute § 510.060 states:

(1) A person is guilty of rape in the third degree when:

(a) He engages in sexual intercourse with another person who is incapable of consent because he is mentally retarded;

(b) Being twenty-one (21) years old or more, he engages in sexual intercourse with another person less than sixteen (16) years old; or

(c) Being twenty-one (21) years old or more, he engages in sexual intercourse with another person less than eighteen (18) years old and for whom he provides a foster family home as defined in KRS 600.020.

el by 16 levels for Chavarriya–Mejia's rape conviction.

## DISCUSSION

This Court reviews *de novo* a district court's interpretation and application of the Sentencing Guidelines. *United States v. Goolsby,* 908 F.2d 861, 863 (11th Cir.1990). We conclude that statutory rape is a crime of violence under the plain language of § 2L1.2. *Cf. United States v. Meader,* 118 F.3d 876, 885 (1st Cir.1997) (concluding that statutory rape is a crime of violence under § 4B1.1) *United States v. Bauer,* 990 F.2d 373, 375 (8th Cir.1993) (same).

A "crime of violence" is "[a] crime that has as an element the use, attempted use, threatened use, or substantial risk of use of physical force against the person or property of another." *Black's Law Dictionary* 378 (7th ed.1999). Statutory rape is a kind of battery: unlawful physical contact. Sexual offenses by adults against children inherently involve physical force against the children. *See, e.g., United States v. Pereira–Salmeron,* 337 F.3d 1148, 1153–54 (9th Cir.2003). And, regardless of whether a child consents, the law presumes that the physical contact aspects of statutory rape were not lawfully consented to. *See, e.g., Mugalli v. Ashcroft,* 258 F.3d 52, 58 n. 6 (2d Cir.2001) (stating that "[c]entral to the concept of 'statutory rape' is the notion that a person less than a certain age is legally incapable of giving consent").

Furthermore, at the time of Chavarriya–Mejia's sentencing, the application note to § 2L1.2 defined "crime of violence" as including "forcible sex offenses (including sexual abuse of a minor)." U.S.S.G. § 2L1.2, cmt. n. 1(B)(ii) (2002).[3] Although Chavarriya–Mejia argues that the modifier "forcible" also modifies "sexual abuse of a minor," that argument must fail. As a general rule, we interpret application notes to the Sentencing Guidelines "so that no words shall be discarded as being meaningless, redundant, or mere surplusage." *United States v. Fuentes–Rivera,* 323 F.3d 869, 872 (11th Cir.2003) (quotations and citation omitted).

The parenthetical "(including sexual abuse of a minor)" makes it plain that "crime of violence" is a category that embraces any sexual abuse of a minor. *See Pereira–Salmeron,* 337 F.3d at 1152; *United States v. Vargas–Garnica,* 332 F.3d 471, 474 n. 1 (7th Cir.2003); *United States v. Gomez–Hernandez,* 300 F.3d 974, 978–79 (8th Cir.2002); *United States v. Rayo–Valdez,* 302 F.3d 314, 316 (5th Cir.2002).

"Sexual abuse" is "[a]n illegal sex act, esp[ecially] one performed against a minor by an adult." *Black's Law Dictionary* 10 (7th ed.1999). Because Kentucky law presumes that underage children are incapable of consent, statutory rape necessarily involves a sexual act performed "against" the child. Therefore, we determine that statutory rape is sexual abuse of a minor. *See Pereira–Salmeron,* 337 F.3d at 1155; *Vargas–Garnica,* 332 F.3d at 474 n. 1.

Because we conclude that statutory rape is a crime of violence under § 2L1.2, we affirm the district court's application of a 16–level enhancement to Chavarriya–Mejia's base-offense level.

AFFIRMED.

---

**3.** Because we conclude that statutory rape is a "crime of violence" under the plain language of § 2L1.2, we need not determine whether amendments to § 2L1.2's application notes made subsequent to Chavarriya–Mejia's sentencing apply to him.